IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN C. DUVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1488-F |
| | ) | |
| JEFFREY COY TROUTT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, John C. Duvall, a Missouri state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court are the following motions filed by Plaintiff: Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2]; Motion for Request for Imminent Danger Exception [Doc. No. 3]; and Rule 35 Motion for Independent Medical Examination and for the Preservation of Evidence [Doc. No. 9]. For the reasons set forth below, it is recommended that Plaintiff's Motions be denied and that this action be dismissed unless, within twenty-one days of any order adopting this Report and Recommendation, Plaintiff pays the full $400 filing fee.

I.  **Plaintiff's Litigation History**

Plaintiff is a frequent filer in both this Court and the United States District Court for the Western District of Missouri. Plaintiff has acquired three strikes for purposes of 28 U.S.C. § 1915(g). *See Duvall v. Troutt*, Case No. CIV-14-1384-F, R. & R. (January 29, 2015) [Doc. No. 7] (setting forth Plaintiff's litigation history and accumulation of strikes); Order adopting R. & R.

(March 11, 2015) [Doc. No. 9].[1] Plaintiff concedes he has been assessed three strikes but seeks to proceed in forma pauperis by invoking the imminent danger exception under 28 U.S.C. § 1915(g).[2]

## II.     Section 1915(g)'s Imminent-Danger Exception

### A.  Governing Standard

To meet § 1915(g)'s imminent-danger exception, Plaintiff must raise "specific, credible allegations [that he is under]'imminent danger of serious physical harm.'" *Hafed v. Fed. Bureau of Prison*, 635 F.3d 1172, 1179 (10th Cir. 2011). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient to meet the imminent-danger exception. *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). Moreover, allegations of past harm are insufficient; instead, the harm "must be imminent or occurring at the time the complaint is filed." *Stine v. United States Bureau of Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012). To fall within the exception, therefore, Plaintiff's submissions must contain "*specific* fact allegations of ongoing serious physical injury,

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

[2] In Case No. CIV-14-1384-F, the Court further found that Plaintiff had not satisfied the imminent danger exception under § 1915(g) based on allegations related to his alleged denial of medical care. *See id*. Thereafter, the Court granted Plaintiff's motion to withdraw his application to proceed in forma pauperis and dismissed Plaintiff's action without prejudice for failure to pay the filing fee. *See* Order and Judgment [Doc. Nos. 11-12].

2

or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (citation omitted; emphasis in original).

The Tenth Circuit has found sufficient allegations of ongoing serious physical injury where, for example, a prisoner alleged that he was "unable to walk without a wheelchair and prison officials refused to provide him with one." *Fuller*, 288 F. App'x at 511. Also, a prisoner's allegations that prison officials refused to fill prescriptions for the only medication that would effectively treat his chronic stomach condition also have sufficed. *See Stine*, 465 F. App'x at 793.

### B. Plaintiff's Allegations of Imminent Danger of Serious Physical Injury

Plaintiff submitted his Complaint and in forma pauperis Motion in this action in December 2016.[3] Plaintiff alleges that in January 2016 he began to notice sore throat symptoms. *See* Motion [Doc. No. 2] at p. 6.[4] The symptoms subsided but then in July 2016, Plaintiff's throat began hurting again. *Id*. According to Plaintiff, on or about July 27, 2016, he "did a finger swipe of [his] throat and felt the tip of a growth coming from the root of [his] tongue." *Id*.

Plaintiff then submitted a sick call slip and was seen by Defendant Troutt, the prison doctor, in early August 2016. *Id*. Defendant Troutt did not see any growth. Plaintiff references a "second visit" to Defendant Troutt, but does not identify when this visit occurred. *Id*.[5]

Plaintiff claims that the growth is "coming from [his] Epiglottis" and "[i]t is painful." *Id*. He alleges that the growth is "growing longer each day" and that he is "in danger of choking to

---

[3] Plaintiff submitted an Amended Complaint [Doc. No. 7] on January 13, 2017. The Amended Complaint omits allegations that had been included in the original Complaint with respect to denial of medical care for Plaintiff's diverticulitis. The sole focus of Plaintiff's alleged denial of medical care in the Amended Complaint, therefore, relates to Plaintiff's throat condition.

[4] Citations to Plaintiff's submissions reference the Court's ECF pagination.

[5] It appears the second visit may have occurred on August 17, 2016, based on allegations set forth in the Amended Complaint. *See id*. at p. 5-6, ¶¶ 25-28.

death and/or dying from cancer when medical treatment is readily available." *Id*. He has added a handwritten notation to his typed allegations identifying current symptoms to include constant choking, "a growing airway obstruction," "vomiting 1 or 2 times a day because of the choking" and that his "lungs hurt due to the aspiration of vomit." *Id*. In contrast, at the time Plaintiff was seen by Defendant Troutt in August 2016, Plaintiff alleges that he "could feel around the anterior of [his] throat without gagging" because his throat had become "desensitized." *Id*.

The Court accepts as true Plaintiff's allegations that Defendant Troutt did not provide any medical care in August 2016 when he allegedly advised Plaintiff that he could not see any growth in Plaintiff's throat. But the Court concludes that Plaintiff's allegations fail to demonstrate sufficiently that he is in imminent danger of serious physical injury.

Several months passed between August 2016 and the submission of Plaintiff's Complaint. His current allegations of imminent danger relate to medical conditions that were not present when Plaintiff sought medical treatment in August 2016. Significantly, Plaintiff does not allege that he has sought or been denied medical care for the newly developed – and purportedly life-threatening – symptoms of choking and vomiting stemming from the growth in his throat. *See Hafed*, 635 F.3d at 1180 (imminent danger exception requires prisoner to "make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." (internal quotations and citation omitted)); *cf Stine*, 465 F. App'x at 793 (finding allegations of imminent danger sufficient where prisoner stated that BOP pharmacist *repeatedly* refused to fill prescription for Omeprazole, written by his physician, that prisoner had *no way* to access this medication, that Omeprazole was the only thing that control his condition and that without Omeprazole, prisoner would suffer a myriad of medical problems).

4

Plaintiff alleges that he has suffered from symptoms, originally perceived as a sore throat, for over a year. He further alleges that a growth in his throat has increased in size to such a degree that his airway is obstructed.[6] Yet, over the course of a year, Plaintiff only requested medical treatment twice, in a temporally limited period of approximately two weeks in August 2016.[7] The Court finds, therefore, that neither Plaintiff's allegations of "imminent danger" nor "serious physical injury" are credible as presented. *See Hafed*, 635 F.3d at 1179-80 (recognizing that allegations of imminent danger at the time the complaint is filed must be credible); *White*, 157 F.3d at 1232 ("Like the district court, we conclude Mr. White has failed to raise a *credible* allegation that he is in imminent danger of serious physical harm . . . ." (emphasis added)). Thus, upon a careful review of Plaintiff's submissions, the Court concludes that his allegations are insufficient to invoke § 1915(g)'s imminent-danger exception.

### III. Additional Pending Motions

Plaintiff's pending Motion for Request for Imminent Danger Exception [Doc. No. 3] contains exact duplicate allegations as those submitted as part of his Motion for Leave to Proceed In Forma Pauperis. *Compare* Doc. No. 2 at pp. 5-6 with Doc. No. 3 at pp. 1-2. Therefore, the Motion should be denied.

Plaintiff's Rule 35 Motion for Independent Medical Examination and for the Preservation of Evidence [Doc. No. 9] seeks as relief an order from the Court that photographs be taken of the

---

[6] In correspondence submitted with his Rule 35 Motion, Plaintiff states that he is "choking to death slowly" and that he is "hopeful that maybe the Attorney Generals' Office will do something to mitigate the damages by getting me to a surgeon." *See* Correspondence [Doc. No. 8].

[7] Relatedly, Plaintiff does not set forth any specific facts demonstrating his efforts to obtain administrative relief from the alleged denial of medical care by Dr. Troutt. In wholly conclusory fashion, he merely alleges, "Carol Montalvo thwarted the Grievance Procedure, making it 'unavailable.'" *See* Amended Complaint at p. 5, ¶¶ 23, 34.

growth in his throat and that "when the Growth is removed from [Plaintiff's] throat, that it be preserved for the trial in this matter." *See id*. at p. 3. The Court finds Plaintiff's Rule 35 Motion should be denied at this time. As set forth, Plaintiff has not satisfied the imminent-danger exception and unless and until Plaintiff pays the $400 filing fee, his physical condition is not "in controversy." *See* Fed. R. Civ. P. 35(a)(1). Based on this conclusion, the Court otherwise expresses no opinion as to the scope and application of Rule 35 to Plaintiff's request.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2] be denied. It is further recommended that Plaintiff's Motion for Request for Imminent Danger Exception [Doc. No. 3] and Rule 35 Motion for Independent Medical Examination and for the Preservation of Evidence [Doc. No. 9] be denied. Finally, it is recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court by February 13, 2017. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in the above-styled matter.

ENTERED this 23rd day of January, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE