**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN C. DUVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-16-1488-F |
| | ) |
| JEFFREY COY TROUTT, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is brought pursuant to 42 U.S.C. § 1983 by state prisoner John C. Duvall, alleging violation of his federal constitutional rights. Mr. Duvall appears *pro se* and his pleadings are liberally construed.

The magistrate judge issued a Report and Recommendation which included three recommendations. Doc. no. 10. The Report recommends: denying plaintiff's motion for leave to proceed *in forma pauperis* (doc. no. 2); denying plaintiff's motion for an imminent danger exception to the three-strikes rule (doc. no. 3);[1] and denying plaintiff's motion brought under Rule 35, Fed. R. Civ. P., seeking an independent medical examination and asking for the preservation of medical evidence (doc. no 9).

Plaintiff objects to the Report and Recommendation. Doc. no. 11. All objections have been considered *de novo*.[2]

---

[1] The three-strikes rule, and the imminent danger exception, are set out in 28 U.S.C. § 1915(g), which is quoted in the Report, doc. no. 10, p. 2, n.1.

[2] Mr. Duvall attached a Notice of Appeal to his objections. Doc. no. 11-3. He subsequently moved to withdraw that notice. Doc. no. 12. The motion to withdraw the Notice of Appeal is **GRANTED**.

Pursuant to the Amended Complaint (doc. no. 7), Mr. Duvall alleges deliberate indifference to his medical needs based on inadequate treatment and an otherwise inadequate response to his medical condition by defendant Jeffrey Coy Troutt, an Oklahoma Department of Corrections physician working at the James Crabtree Correctional Center. The medical condition is an alleged growth in Mr. Duvall's throat. Among other things, Mr. Duvall alleges that he suffers from constant pain in his throat which has been getting worse since July 27, 2016, during which time the growth has been getting larger. Mr. Duvall alleges that the defendant did not have the proper equipment (such as a mirror) to examine the growth, and that he did not refer Mr. Duvall for treatment by a specialist. Mr. Duvall alleges that after his visits with the defendant in August, 2016, he immediately wrote two requests to staff addressing the inadequate treatment and that as of the date of the amended complaint, he had not been referred to or seen by anyone who has the appropriate medical implements. Mr. Duvall alleges continuous suffering from the pain of choking, as well as gagging, vomiting and burning of aspirated food and liquids.

In addition, in a letter submitted with his Rule 35 motion, Mr. Duvall stated that he is "choking to death slowly" and that he is "hopeful that maybe the Attorney Generals' Office will do something to mitigate the damages by getting me to a surgeon." Doc. no. 8.

A Second Amended Complaint was submitted to the court after the Report was entered. Doc. no. 13. Although the Second Amended Complaint was filed without leave of court, the court accepts it. In that new version of the complaint, Mr. Duvall alleges, among other things, that "Troutt refuses to treat my serious medical needs consisting of a growth growing in my air-way because I called him a liar in writing" (¶ 29); that Troutt has retaliated against Mr. Duvall (¶¶ 18-27); and

2

that Mr. Duvall has attempted to go around Troutt to obtain medical care, "all to no avail." ¶ 30.  Various grievances, responses, and requests to staff are attached to the Second Amended Complaint as exhibits.  The most recent of these exhibits (doc. nos. 13-6 and 13-7) are dated in November and December of 2016.  These documents request medical treatment for the growth in Mr. Duvall's throat.

Critical to the Report's conclusion that Mr. Duvall had not shown that he was entitled to an imminent danger exception to the three-strikes rule was the fact that Mr. Duvall had not alleged that he had sought or that he had been denied medical care for what the Report characterized as the newly developed and purportedly life-threatening symptoms of choking and vomiting stemming from the growth in his throat.  *See*, doc. no. 10, p. 4. As noted above, however, Mr. Duvall's Second Amended Complaint (which was not available to the magistrate judge) appears to show that Mr. Duvall has at least made some recent efforts to obtain medical treatment for what he contends is a worsening and potentially life-threatening medical condition.  (In addition, in his objection to the Report, Mr. Duvall takes issue with the magistrate judge's characterization of choking and vomiting as new symptoms which were not present when Mr. Duvall saw Troutt in August.  See, *e.g.*, doc. no. 11, p. 3, asking "Who told Magistrate Jones that the 'symptoms of choking and vomiting stemming from the growth' are **new** since I initially saw Defendant Troutt?")

The Report finds, and the court agrees, that Mr. Duvall has three strikes and that he may proceed *in forma pauperis* only if he establishes that his circumstances come within the imminent danger exception to the three-strikes rule, and only then if he otherwise qualifies for pauper status under 28 U.S.C. § 1915.  To qualify for the imminent danger exception, a plaintiff must make specific, credible allegations that, at the time he filed his complaint, he was under imminent danger of serious physical harm.  *See*, Hafed v. Federal Bureau of Prisons, 635 F.3d 1172, 1179-80

3

(10th Cir. 2011) (emphasis added) (internal quotation marks omitted). Generally, such allegations must be made in the prisoner's motion for *in forma pauperis* status, however, other filings may also be considered by the court. *Id.* at 1180. A plaintiff seeking such an exception should make specific reference to which defendant denied what medication or treatment, and for what ailment, and on what occasion. *Id*. The plaintiff should also identify at least the general nature of the serious physical injury which he asserts is imminent. *Id.* Vague and utterly conclusory assertions are insufficient. *Id.* The court agrees with the Magistrate Judge that based on the materials before the court at the time the Report was entered, Mr. Duvall did not show that he was entitled to invoke the imminent danger exception to the three-strikes rule. Accordingly, as recommended in the Report, Mr. Duvall's motions will be denied. In light of the new allegations contained in the Second Amended Complaint, however, Mr. Duvall should be given the opportunity to file new motions which cite additional information not previously available to the Magistrate Judge.

Accordingly, the Report and Recommendation is **ACCEPTED, AFFIRMED** and **ADOPTED**. Mr. Duvall's objections to the Report are **DENIED**. As recommended in the Report, the motion to proceed *in forma pauperis* (doc. no. 2) is **DENIED**; the motion seeking an imminent danger exception to the three-strikes rule (doc. no. 3) is **DENIED**; and the Rule 35 motion is **DENIED**. In light of new allegations in the Second Amended Complaint which potentially address the imminent danger exception, all of these motions are denied without prejudice to consideration *de novo*, in the event that Mr. Duvall files a new motion or motions seeking leave to proceed *in forma pauperis* under the imminent danger exception, citing additional information not presented to the magistrate judge in the original motions. If Mr. Duvall opts to pursue that relief, any such motions are **DUE** within twenty-one days of the date of this order. If no such motions are filed, this action

will be closed at that time and judgment will be entered based on the findings in this order.

      IT IS SO ORDERED this 28th day of February, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-1488p001.docx